FILED
United States Court of Appeals
Tenth Circuit

December 11, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RANDALL D. SCHREIBVOGEL,

      Petitioner - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS STATE WARDEN, in
his official capacity also known as Eddie
Wilson,

      Respondent - Appellee.

No. 13-8065
(D.C. No. 2:12-CV-00113-NDF)
(D. Wyo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Randall Schreibvogel requests a certificate of appealability ("COA") to appeal the

denial of his 28 U.S.C. § 2254 habeas petition. We deny a COA and dismiss the appeal.

**I**

Schreibvogel was convicted on two counts of first-degree sexual assault and one

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

count of robbery in Wyoming state court. On direct appeal, Schreibvogel asserted, among other claims, ineffective assistance of counsel and prosecutorial misconduct. The Wyoming Supreme Court affirmed his convictions.

After losing his direct appeal, Schreibvogel filed a petition for state post-conviction relief raising new claims of ineffective assistance. Schreibvogel argued that his appellate counsel was ineffective for failing to raise additional deficiencies in trial counsel's performance, including counsel's failure to retain an expert to discuss the effects of combining alcohol and Paxil, a medication taken by the victim, and counsel's failure to rebut evidence that the victim's injuries were likely caused by a punch rather than a fall. The Wyoming courts concluded that the new arguments were procedurally barred.

Schreibvogel then filed a § 2254 petition in federal district court, advancing five specific ineffective assistance sub-claims. The district court dismissed Schreibvogel's petition and declined to grant a COA. It held that the claims raised for the first time in Schreibvogel's post-conviction petition were not procedurally barred, but rejected those claims on the merits. The district court further ruled that the Wyoming Supreme Court's disposition of Schreibvogel's remaining claims was reasonable. Schreibvogel now seeks a COA from this court.

## II

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. § 2253(c)(1). We will issue a COA "only if the applicant has made a substantial

showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this standard, Schreibvogel must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

**A**

Although Schreibvogel presented two of his sub-claims to the Wyoming courts in a post-conviction petition, those sub-claims were rejected as barred by Wyo. Stat. § 7-14-103(a)(iii). We typically will not address the merits of a claim that was defaulted in state court on an independent and adequate state procedural ground, Thacker v. Workman, 678 F.3d 820, 835 (10th Cir. 2012), but in the interest of judicial efficiency we may proceed to the merits of a § 2254 claim rather than consider a difficult procedural bar issue, see Romero v. Furlong, 215 F.3d 1107, 1111 (10th Cir. 2000). We do so in this case.

A petitioner claiming ineffective assistance of counsel must demonstrate "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). In applying this standard, "we give considerable deference to an attorney's strategic decisions and recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional

judgment." Bullock v. Carver, 297 F.3d 1036, 1044 (10th Cir. 2002) (quotation omitted).

Schreibvogel claims that his attorney was ineffective in failing to procure expert testimony as to the effects of mixing Paxil and alcohol. He argues that such evidence would have cast doubt on the victim's ability to accurately remember the events at issue and may have helped explain her injuries. However, the victim freely admitted on the stand that she did not remember portions of the night in question and did not remember if she was hit or fell. Additionally, trial counsel adduced testimony from the victim that she consumes alcohol with Paxil and testimony from a nurse that Paxil and alcohol should not be combined. Given counsel's exploration of the issue, and the potential implications for Schreibvogel of focusing the jury's attention on the victim's impaired state, we agree with the district court that Schreibvogel has not established constitutionally defective performance.

Schreibvogel also argues that his attorney should have called an expert to rebut opinion testimony that the victim's injuries were consistent with being punched. "Strickland does not enact Newton's third law for the presentation of evidence, requiring for every prosecution expert an equal and opposite expert from the defense." Harrington v. Richter, 131 S. Ct. 770, 791 (2011). Trial counsel vigorously cross-examined the witness making this claim, eliciting an admission that the injury also could have come from a fall. See id. ("In many instances cross-examination will be sufficient to expose defects in an expert's presentation."). And we must defer to counsel's reasonable decisions to "avoid activities that appear distractive from more important duties." Id. at

- 4 -

789 (quotation omitted). Schreibvogel has not demonstrated that trial counsel's strategy to challenge the prosecution's evidence was unreasonable.

**B**

Schreibvogel's remaining ineffective assistance sub-claims were presented to and denied by the Wyoming state courts. To prevail on these claims, Schreibvogel must show that the state courts' adjudication either "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" or was "contrary to, or involved an unreasonable application of, clearly established Federal law." § 2254(d)(1), (2). We conclude that Schreibvogel has not cleared this high hurdle.

Schreibvogel contends that his trial counsel was ineffective in failing to object to statements from several witnesses who testified the victim told them that she had been hit. In cross-examination, trial counsel highlighted that discrepancy with the victim's testimony that she could not remember whether she had been hit. The Wyoming Supreme Court stated that the witnesses' testimony "was potentially admissible under several evidentiary rules," and reasonably concluded that Schreibvogel had not established that counsel made an impermissible tactical decision not to object.

Schreibvogel also argues that counsel was ineffective for failing to object to victim impact testimony from the victim and her husband. The Wyoming Supreme Court held that Schreibvogel failed to establish that an objection would have been sustained, noting the court's precedent that victim impact testimony is admissible to bolster the victim's credibility after that credibility is challenged by the defense. See Barnes v. State, 858

P.2d 522, 534-35 (Wyo. 1993). This conclusion was reasonable. Thus, Schreibvogel has not shown that the failure to object constituted deficient performance. See Parker v. Scott, 394 F.3d 1302, 1321-22 (10th Cir. 2005) (failure to object to testimony "trial counsel could have reasonably concluded" was admissible under state law does not constitute deficient performance).

Lastly, Schreibvogel claims that counsel should have objected when the prosecution asked Schreibvogel whether other witnesses were mistaken in their testimony. The State has conceded that this line of questioning violated a clear rule of law, but the Wyoming Supreme Court held that it was not prejudicial. Schreibvogel has not shown that the holding was unreasonable, given that the other witnesses' testimony was properly before the jury and the questioning was not pervasive. See Harrington, 131 S. Ct. at 786 (section 2254 petitioner must show there is "no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents").

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge

- 6 -